PERSIS STEVENS, JOINED BY HER HUSBAND, JOHN M. STEVENS, *Plaintiffs in Error*, v. TAMPA ELECTRIC COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed April 12, 1921.

1. The presumption of negligence cast upon railroads by our statute in personal injury cases ceases when the railroad company has made it appear that its agents have exercised all ordinary and reasonable care and diligence.

2. A jury cannot lawfully find for the plaintiff unless the evidence is of such a nature as to produce a reasonable belief of the facts essential to the verdict.

3.  A trial court should not sustain a verdict when it is not in accord with the manifest weight of the evidence or with the justice of the case.

4.  In appellate proceeding, it is encumbent upon the plaintiff in error or appellant definitely to show the errors complained of. And if this burden is not distinctly met, the action of the trial court will not be disturbed. Where the appellate court is in doubt as to the propriety of a ruling of the trial court, the ruling will stand.

5.  Where it is not clear that a trial judge erred in determining the probative effect of the competent testimony of witnesses taken before him, his judgment thereon should not be reversed, particularly where the testimony is conflicting and the witnesses are adversely interested or may not have had the same opportunities in observing, or equal qualities to appreciate, the facts testified to.

6.  A party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

7.  In an action for negligence the question whether the railroad company has exercised all ordinary and reasonable care and diligence is to be determined by a consideration of the duty imposed by law upon the company under the facts and circumstances of each case that arises.

8.  In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated.

17—Vol. 81

9.   The presumptions are in favor of the ruling made by the
     court, and the burden is on the plaintiff in error to clearly
     show from the evidence that the court committed the er-
     ror assigned.

10.  When the evidence would not in law support a verdict for
     the plaintiff, there is no violation of the organic right to a
     jury trial in directing a verdict for the defendant.

A Writ of Error to the Circuit Court for Hillsborough
County; O. K. Reaves, Judge.

Affirmed.

*Lunsford* & *Whitaker,* for Plaintiffs in Error;

*Knight, Thompson* & *Turner,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for
injuries to the person and to an automobile which the
plaintiff was running at a street crossing, the declara-
tion is in several counts, and in substance alleges that
the injuries were proximately caused by the negligence
of the defendant street car company in operating its car
"at a high, rapid and excessive rate of speed," and in
negligently failing "to keep a proper look out," and in
carelessly and negligently running and operating "its
said car along said Twiggs Street at a very dangerous
and excessive rate of speed, exceeding the limit of twelve
miles an hour fixed by municipal ordinance of the City
of Tampa," and in carelessly and negligently failing "to
sound or give warning of danger at said crossing, or
keep a lookout for danger, or have car under control at
said crossing, or make an effort to stop said car until
it was too late to avoid a collision." Trial was had on a
plea of not guilty. A directed verdict for the defendant

was properly denied at the close of plaintiff's evidence as the plaintiff had shown an injury caused by a collision with the defendant company's street car and the presumption of negligence of the company, imposed by the statute upon a showing of injury as alleged, had not been overcome by proof that the employees of the defendant company had "exercised all ordinary and reasonable care and diligence" to avoid the injury.

After all the testimony on both sides had been adduced, the court upon motion directed a verdict for the defendant and rendered judgment thereon.

The plaintiff took writ of error, and in effect contends that even though the plaintiff may not have been free from fault, yet as the defendant also was at fault there may be a diminished recovery of damages under the statute in proportion as the plaintiff was at fault.

The statute provides that a railroad company shall be liable for *"any damage done"* to persons or property by the running of the cars of the company, *unless* the company shall make it appear that its agents "exercised *all ordinary and reasonable care and diligence"* to avoid the injury, the presumption in all cases being against the company. Sec. 3148, Gen. Stats. 1906, Sec. 4964, Rev. Gen. Stats. 1921. This statute is applicable to street car companies. Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797.

But in order to comply with the requirements of the Constitution, as to due process and equal protection of the laws, it is by statute also provided that no person shall recover damages from a railroad company for injury to himself or to his property when the same is caused by his own negligence. Sec. 3149, Gen. Stats. 1906, Sec. 4965, Rev. Gen. Stats. 1920.

It is also provided that if the plaintiff and the agents of the railroad company are both at fault in causing an injury, the plaintiff may recover, but the damages shall be diminished in proportion as the fault of the plaintiff contributed to the entire injury sustained by him. Sec. 3149, Gen. Stats, 1906, Sec. 4965, Rev. Gen. Stats. 1921; Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 South. Rep. 799; Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499, 35 Sup. Ct. Rep. 653.

The presumption of negligence cast upon railroads by our statute in personal injury cases ceases when the railroad company has made it appear that its agents have exercised all ordinary and reasonable care and diligence. In the presence of such proof by the railroad company the jury do not take any such presumption with them to the jury room in weighing the evidence and in coming to a determination. The statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs to remove it. All that the statute does in creating the presumption is thereby to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence, and here the statutory presumption ends. And when in a suit for personal injury the railroad company proves affirmatively by undisputed and uncontradicted evidence that it and its agents exercised all ordinary and reasonable care and diligence, and were not guilty of the negligence alleged, the plaintiff has no right to recover. Seaboard Air Line R. Co. v. Thompson, 57 Fla. 155, 48 South. Rep. 750; Louisville & Nashville R. R. Co. v. Harrison, 78 Fla. 381, 83 South. Rep. 89; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235;

Live Oak, P. & G. R. Co. v. Miller, 72 Fla. 8, 72 South.
Rep. 283; Tampa Electric Co. v. Bourquardez, 72 Fla.
161, 72 South. Rep. 668; Seaboard Air Line R. Co. v.
Barwick, 51 Fla. 304, 41 South. Rep. 70; Louisville &
N. R. Co. v. Padgett, 71 Fla. 90, 70 South. Rep. 998;
Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70
South. Rep. 437; Tampa Electric Co. v. Barber, decided
this term.

If under the statute first above quoted, Section 3148,
General Statutes of 1906, the defendant has made "it
appear that its agents exercised all ordinary and reason-
able care and diligence" to avoid the injury, the provi-
sion of Section 3149, General Statutes of 1906, as to a
reduced recovery when both parties are at fault, has no
application in this case. The defendant must have been
guilty of some negligence as alleged before the appor-
tionment provisions of the statute can be applicable.

A jury cannot lawfully find for the plaintiff unless the
evidence is of such a nature as to produce a reasonable
belief of the facts essential to the verdict. Escambia
County Electric Light & Power Co. v. Sutherland, 61
Fla. 167, 194, 55 South. Rep. 83; Florala Saw Mill Co.
v. Smith, 55 Fla. 447, 46 South. Rep. 332; Seaboard Air
Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 South.
Rep. 835. And a trial court should not sustain a ver-
dict when it is not in accord with the manifest weight
of the evidence or with the justice of the case. Schultz
v. Pacific Insurance Co., 14 Fla. 73, 94; Meinhardt v.
Mode, 25 Fla. 181, 5 South. Rep. 672; Miller v. White,
23 Fla. 301, 2 South. Rep. 614; Tampa Water Works Co.
v. Mugge, 60 Fla. 263, 53 South. Rep. 943.

In appellate proceeding, it is encumbent upon the
plaintiff in error or appellant definitely to show the

errors complained of. And if this burden is not distinctly met, the action of the trial court will not be disturbed. Where the appellate court is in doubt as to the propriety of a ruling of the trial court, the ruling will stand.

Where it is not clear that a trial judge erred in determining the probative effect of the competent testimony of witnesses taken before him, his judgment thereon should not be reversed, particularly where the testimony is conflicting and the witnesses are adversely interested or may not have had the same opportunities in observing, or equal qualities to appreciate, the facts testified to.

The statutes provide that "if, after all the evidence of all the parties shall have been submitted, it be apparent to the judge * * * that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party." Sec. 1496, Gen. Stats. 1906, as amended by Chap. 6220, Acts of 1911, Sec. 2696, Rev. Gen. Stats. 1921.

The statutes of the State also provide that no judgment shall be reversed or new trial granted on the ground of misdirection of the jury or as to any matter of procedure, unless in the opinion of the court on the entire case the error complained of has resulted in a miscarriage of justice. Chap. 6223, Acts of 1911, Sec. 1608d, Comp. Laws 1914, Sec. 2812 Rev. Gen. Stats. 1921.

A party moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476.

In an action for negligence the question whether the

railroad company has exercised all ordinary and reasonable care and diligence is to be determined by a consideration of the duty imposed by law upon the company under the facts and circumstances of each case that arises. Florida R. Co. v. Dorsey, 59 Fla. 260, 52 South. Rep. 963.

In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated.

The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned.

This rule does not impair the organic right to a jury trial, since if by the legal effect of the evidence the plaintiff has not proven a controverted cause of action, he has no more right to a jury trial than if he had failed to allege a cause of action in his pleadings. And the principle of law that indulges a presumption in favor of the ruling of the trial court on the probative force of the testimony of the witness taken before him does not violate the rights of parties to the litigation.

The plaintiff testified: "I was driving north on Marion Street and when I got to the junction of Twiggs Street.

it seems as I think of it now that something, the street car, came down from overhead and struck me. I was stunned and I know very little beyond that"; that she paid $93.81 for repairs to the automobile she was driving when struck by the street car; (Her personal injuries were painful, but not permanent in their nature; no bones were broken and she did not go to bed); that she heard no gong, bell or whistle, and did not know the street car was near when the collision occurred; that she does not remember whether she looked to see if there was a car coming when she was struck; that she was going about ten or twelve miles an hour.

A witness for the plaintiff who saw the accident testified that the street car could have been seen a block away by one crossing the street in an automobile; that he would say the street car was running at least fifteen miles an hour; that the automobile was struck about its center; that he did not hear any signal by the street car, did not see the plaintiff make any effort to stop her automobile, nor did he see any effort to stop the street car before the accident; that the street car pushed the automobile about sixty or seventy feet.

Persons who were passengers on the street car testified for the defendant that the street car slowed down for the crossing and was going about ten or twelve miles an hour when it jerked in being suddenly stopped just before the accident; that the automobile was seen perhaps 50 feet ahead and it was supposed the automobile would stop; that the automobile was pushed about a car's length or a little more. A passenger testified that he was "standing right up on the front platform with the motorman on the right side and this lady was coming on Marion Street about, I should judge, between fifteen

and thirty feet away, and the motorman applied his brakes and rang his gong, and it looked as though she was going to stop, and he turned his current on again, and when he did she just stared him right in the face, and looked like she lost control of herself and ran into him."

The motorman of the street car testified that his car was "coming up to the crossing, the Marion Street crossing, the sidewalk on what would be the north side, it is customary and proper to ring your bell and shut off the power, which I did, and just at that time I saw this automobile coming up Marion Street, and not believing that the automobile was going to attempt to cross in front of me, I put on my power again, and just as the automobile just about hit the crossing I had a faint feeling that the lady was attempting to cross in front of me and I threw off my power again. And then I stood there watching her to see what she was going to do, and realizing that there was something wrong with her, I applied my brakes immediately, and her automobile just simply rolled right into my car. Q. Did you ring your gong? A. Oh yes. I attempted to stop then in every way that I could. Q. How far did you go after colliding with the car? A. Possibly a car's length. Possibly just a few feet over. Approximately a car's length."

The conductor of the street car testified: "I looked up as the motorman was ringing his gong and that was what attracted my attention to it, and I looked up just about the time the accident occurred. Of course the motorman had done shut off and applied his brakes all he could and throwed the car in emergency, of course, and stopped about the length of the car. It seems that she was trying to cross ahead of us, and I believe she got excited a

little bit and turned her car to the left, and by that time was very near on the track and not far enough for us to pass without striking her on the left hand corner of the track." There was other evidence indicating the exercise of due care in the operation of the street car and the inattention of the plaintiff.

Under the statute the defendant is not liable if it shows that its employees "exercised *all ordinary and reasonable care and diligence*" to avoid the injury, even though the plaintiff was not negligent, but was merely inattentive or was the victim of an unfortunate accident. The testimony greatly preponderates in showing the employees of the defendant company did in fact exercise all ordinary and reasonable care and diligence under the circumstances of the case; and whether the evidence clearly and affirmatively shows negligence of the plaintiff or not, the defendant, under the statute, is not liable, if its servants were shown to be not negligent as alleged. On the record brought here it does not clearly appear that the trial judge who saw and heard the witnesses testify, erred, by, in effect, ruling that the defendant had successfully carried the burden of proof put upon it by the statute under the allegations of negligence and the proof of injury; and, consequently, did not err by in effect ruling "that no sufficient evidence had been submitted upon which the jury could legally find a verdict for the plaintiff." The judge was therefore by the statute (Sec. 1496 Gen. Stats. 1906, as amended, Sec. 2696 Rev. Gen. Stats. 1920, Sec. 1496, Compiled Laws, 1914), authorized to direct a verdict for the defendant. If the evidence would not in law support a verdict for the plaintiff, there was no violation of the organic right to a jury trial in directing a verdict for the defendant. Pleasants v. Faut, 22 Walace 116.

Judgments for defendants rendered upon verdicts that were directed by the court were affirmed in Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; Padgett v. Atlantic Coast Line R. Co., 63 Fla. 248, 58 South. Rep. 720; Stone v. Citizens' State Bank 64 Fla. 456, 59 South. Rep. 945; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942; Bruner v. Hart, 59 Fla. 171, 51 South. Rep. 593; Mugge v. Jackson, 53 Fla. 323, 43 South. Rep. 91; Harper Piano Co. v. Seaboard Air Line Ry., 65 Fla. 490, 62 South. Rep. 482; Johnson v. Rhodes, 62 Fla. 220, 56 South. Rep. 439; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; Myers v. Hodges, 53 Fla. 197, 44 South. Rep. 357; Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South Rep. 507; McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; Onyx v. L'Engle, 53 Fla. 314.

It has been held to be error to refuse to direct a verdict for the defendant when no negligence as alleged was shown. Pensacola, St. Andrews & Gulf S. S. Co. v. Austin, 63 Fla. 241, 58 South. Rep. 611. See also Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 South. Rep. 294.

The principles herein announced do not conflict with those stated in Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.