SMITH, RICHARDSON & CONROY, A CORPORATION, *Plaintiff in Error*, v. TAMPA ELECTRIC COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed June 30, 1921.

1. In order to warrant a recovery of damages by a plaintiff the evidence must be of such a nature as to produce a reasonable belief of the facts essential to the verdict, and the verdict should accord with the manifest weight of the evidence and the justice of the case.

2. Where the evidence would not in law support a verdict for the plaintiff there can legally be no recovery and the court should direct a verdict for the defendant.

3. Where the trial judge in directing a verdict for the defendant states that "there is not sufficient evidence in this case for a recovery," and the ruling is justified by the evidence, the directed verdict will not be disturbed on writ of error, no errors of law appearing.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*H. P. Baya,* for Plaintiff in Error;

*Knight, Thompson & Turner,* for Defendant in Error.

WHITFIELD, J.—In an action against the electric company to recover damages for injuries to a truck, it is alleged that, because of negligent and careless operation and because of excessive rate of speed, the defendant's street car was negligently and carelessly permitted to come into violent collision with the plaintiff's automobile truck.

The defendant pleaded not guilty and also ''that the plaintiff herein attempted to cross the tracks of the defendant immediately in front of an approaching car whose presence was known to the plaintiff, or could have been known by the exercise of reasonable care on his part, in that the plaintiff was driving an auto-truck and turned the said auto-truck in front of the said car, so close to the car that the motorman in charge of the same could not stop before coming into collision with the said truck, and by such action on his part the plaintiff did approximately contribute to the injuries alleged to have been received by it.'' Trial was had on these issues. After the testimony was in, the Court directed a verdict for the defendant, stating that ''there is not sufficient evidence in this case for a recovery'' and that ''the greater weight of the testimony is with the defendant in this case.'' The plaintiff took writ of error to a judgment for the defendant.

In order to warrant a recovery of damages by a plaintiff the evidence must be of such a nature as to produce a reasonable belief of the facts essential to the verdict, and the verdict should accord with the manifest weight of the evidence and the justice of the case. Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 South Rep. 83; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332; Seaboard Air Line Ry. v. Royal Palm Soap Co., 80 Fla. 800, 86 South. Rep. 835; Schultz v. Pacific Ins. Co., 14 Fla. 73; Tampa Water Works Co. v. Mugge, 60 Fla. 263. 53 South. Rep. 943.

An injury to the plaintiff's automobile truck by the operation of the defendant's street car was shown; and from the testimony showing an inference of negligence on

the part of the defendant may reasonably have been drawn, which together with the presumption of negligence raised by the statute upon proof of "any damage done to * property by the running of the * cars" of the railway company, may have warranted a recovery of compensatory damages. But other testimony adduced under the issues made, that was not in any way discredited, clearly showed that the injury was caused not by negligence of the defendant's employees, but by the carelessness and inattention of the plaintiff's employee in operating the auto-truck under the surroundings and circumstances shown by the evidence. The trial Court properly held that "there is not sufficient evidence in this case for a recovery," since the legal sufficiency of the evidence is a matter of law for the Court to determine; and where the evidence would not in law support a verdict for the plaintiff there can legally be no recovery and the Court should direct a verdict for the defendant. Pleasants v. Fant, 22 Wallace 116; Barrett v. Va. Ry. Co., 250 U. S. 476.

While the opinion of the trial judge merely that "the greater weight of the testimony is with the defendant," without more, might not in all cases justify a directed verdict for the defendant, yet, as the trial court expressly found, "there is not sufficient evidence in this case for a recovery," and the further finding that "the greater weight of the testimony is with the defendant" is not material, since it does not on this record neutralize the express holding that "there is not sufficient evidence for a recovery." See Sections 2696, 2812, 4964, 4965 Rev. Gen. Stats.; Persis Stevens v. Tampa Electric Co., 81 Fla. 512, 88 South. Rep. 303; Atlantic Coast Line R. Co. v.

Wilson, and Tampa Electric Co. v. Barber, decided at the last term.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.