THOS F. KENNEY v. E. C. LANGSTON and W. T. MURPHY, co-partners, doing business under the firm name and style of LANGSTON & MURPHY CONSTRUCTION COMPANY.

182 So. 430.
Opinion Filed July 1, 1938.
Rehearing Denied July 14, 1938.

*George P. Garrett,* for Plaintiff in Error;

*Akerman & Dial* and *Giles & Gurney,* for Defendants in Error.

CHAPMAN, J.—This cause is here for review on writ of error to a final judgment entered in behalf of the defendants in the Circuit Court of Orange County, Florida, on April 28, 1937. The material portions of the declaration are that on or about April 17, 1936, in Orange County, Florida, the defendants employed the plaintiff to prepare a certain bid to be submitted for the defendants to the Florida State Tuberculosis Board for the construction of a tuberculosis hospital to be constructed in Orange County, Florida, and said defendants further employed the plaintiff, in the event that said bid was successful, to supervise the construction work of the hospital. The plaintiff accepted the employment, and the plaintiff and defendants agreed that the plaintiff should be paid for his services so to be rendered a $5,000.00 supervision fee and one-third of the net profits of the construction work undertaken by the defendants by their successful bid for said work.

Attached to the declaration is a bill of particulars dated August 23, 1936, for the amount due plaintiff on account of breach of the oral contract of employment in connection with the construction of a hospital for the Florida State Tuberculosis Hospital Board, viz.:

"Supervision fee _____$ 5,000.00
To one-third profit figure added to actual costs in making bid, $30,000.00 __ 10,000.00
To one-third of additional profit figure of $20,000.00 of anticipated profits in connection with said contract _____ 6,666.67
                                                                _____
      Total _____$21,666.67

Together with interest from date of filing this suit, August 23, 1936, at 8% per annum, until paid."

To the declaration the defendants filed pleas: (1) general issues; (2) they never promised as alleged; (3) the defendants agreed with the plaintiff that he should prepare estimates and data to be submitted to them for the purpose of bidding on a certain contract to be let by the Florida State Tuberculosis Board to be constructed near Orlando, and that it was further agreed that in the event the defendants adopted and used plaintiff's data, figures and estimates, and were successful in securing the contract through the use of plaintiff's data, figures and estimates, the defendants were to allow plaintiff to assist them in carrying out the contract, and as compensation for such work plaintiff would receive a portion of any net profits made on the contract, but the defendants alleged that they never at any time used or adopted any of the plaintiff's data, figures or estimates, nor was any contract for the construction of the hospital secured by these defendants through the use of any data, figures or estimates furnished them by the plaintiff; (4) the agreement was that if the defendants used plaintiff's estimates they would employ him and give him a share of the profits, but that it was agreed that defendants were not obligated to employ the plaintiff; (5) that the plaintiff prepared certain data, but the plaintiff's work was so unskilled and incomplete as to be useless and defendants did not use same as a basis for bidding upon the contract, or otherwise; (6) that it was agreed that if the defendants did not use plaintiff's data and figures their only obligation would be to reimburse him for his expenses.

The transcript shows that after all the evidence had been adduced, counsel for defendants moved the court for a directed verdict on the grounds: (1) Taking the evidence of the plaintiff as a whole, and all legal and logical deductions that might be drawn therefrom, the plaintiff would

not be entitled to recover; (2) that plaintiff has failed to prove each and every material allegation of his declaration; (3) the uncontroverted evidence shows a breach of contract by the plaintiff in his failure to submit a complete detailed estimate of the cost of the construction of the building; (4) that there has been a fatal variance as to the *allegata* and *probata,* with respect to furnishing complete and detailed plans. The lower court sustained the motion for a directed verdict and judgment was entered thereon for the defendants.

On a subsequent date plaintiff filed a motion for a new trial and upon hearing the same was by the lower court overruled and denied. Plaintiff below took writ of error, perfected the transcript of the record and the cause is here for review of the several assignments of error. The parties will be referred to in this opinion as they appeared in the lower court, as plaintiff and defendants.

The evidence shows that plaintiff contacted the defendants on April 17, 1936, about preparing and submitting a bid on the proposed hospital. The finances of the plaintiff were such that he could not finance the project in the event his bid was approved while the finances of the defendants permitted them to handle the project, and by this combination it was possible for the plaintiff to submit a bid for the work, but in the name of the defendants. The call for bids required that they should be filed on April 30, 1936, at Jacksonville, Florida, and the estimated cost thereof was more than $500,000.00. On April 28, 1936, plaintiff left with one of the defendants at their office at Orlando his written estimates of the bid that should be made for the work which was to be presented in the name of the defendants. The amount of plaintiff's bid was the sum of $518,000.00. The defendants, or their employees, checked the different items aggregating the said sum and found

many errors—the estimates were unskillfully prepared, and failed to include several items which plaintiff stated could be completed when the information was obtained at Jacksonville prior to the filing. The amount claimed was a supervising fee in the sum of $5,000.00, with the additional sum of one-third of $50,000.00, making a total of $21,666.67 due to the plaintiff by the defendants for the breach of the contract.

It was shown by the defendants that the estimates prepared by the plaintiff as a bid for the hospital project were so poorly prepared, inaccurate and lacking in so many important details that it made it impossible for the defendants to use the estimates as the basis for a bid on the hospital project, and that they returned the same to the plaintiff and advised him of their conclusion. The defendants obtained the estimates of A. W. Spinney Company, but did so after the return to the plaintiff of his estimates and figures, and the figures as prepared by A. W. Spinney Company were used by the defendants as the basis for a bid on the project. Neither the figures of the plaintiff nor any part thereof were used by the defendants. Members of the firm of A. W. Spinney Company and its employees and the defendants and their employees all testified to these facts and the same was not contradicted by the plaintiff or any witnesses in his behalf, and these facts were not disputed upon the record when the lower court heard arguments and was considering the motion of defendants for a directed verdict. The legal sufficiency of the evidence is a matter of law for the court to determine, and where as here the evidence would not in law support a verdict for the plaintiff, there can legally be no recovery and the court should direct a verdict for the defendant. See Smith, Richardson & Conroy v. Tampa Electric Co.,

82 Fla. 79, 89 So. 352; Jones v. General Accident, Fire & Life Assur. Corp., 103 Fla. 787, 137 So. 889.

In the case of Stevens v. Tampa Electric Co., 81 Fla. 512, text p. 519, 88 So. 303, this Court had before it the question of directing a verdict, as in the case at bar, when it said:

"In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated.

"The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned. This rule does not impair the organic right to a jury trial, since if by the legal effect of the evidence the plaintiff has not proven a controverted cause of action, he has no more right to a jury trial than if he had failed to allege a cause of action in his pleadings. And the principle of law that indulges a presumption in favor of the ruling of the trial court on the probative force of the testimony of the witness taken before him does not violate the rights of parties to the litigation."

The judgment appealed from is hereby affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.