LEWIS DUNCAN v. GROWERS EQUIPMENT COMPANY, a
Florida Corporation.

1 So. (2nd) 458

En Banc

Opinion Filed April 1, 1941

*Joseph W. Nichols,* for Plaintiff in Error;

*McKay, Macfarlane, Jackson & Ferguson,* for Defendant in Error.

Adams, J.—This case comes here on writ of error to judgment entered on a directed verdict for defendant at close of plaintiff's evidence.

The plaintiff charges his employer, the defendant, with negligence in furnishing unsuitable, unsafe and inadequate tools to remove bushings from a truck spindle, to-wit: hammer, punch and wrench. He also alleges in his declaration, "plaintiff had never worked or had experience as a mechanic; that his knowledge and experience in the machinery and workmanship of trucks was solely limited to his experience and knowledge obtained by reason of his employment as a driver of trucks all of which the defendant herein had full knowledge."

The defendant pleaded first, not guilty; second, that plaintiff was sufficiently experienced to comprehend the dangers incident to the work undertaken and thereby assumed the risk; third, contributory negligence.

The plaintiff vehemently denied that he was a mechanic at the time of the injury. He denied that he had previous experience in removing bushings. Yet he admits he at that

time was thirty years of age and for more than twelve years had been doing work of a mechanical nature such as truck driving, plumbing, working on pumps, trucks, and doing general garage work as a helper. The identical work he was doing at time of injury was that usually done by helpers, according to the witnesses.

Plaintiff qualified at time of trial (almost six years later) as a mechanic and testified that he sometimes now adopted the same method of removing bushings but did it by wearing goggles. Plaintiff testified that he was directed to remove the bushing and was directed to a hammer, punch and a wrench. Without further instructions he got the tools and had no difficulty in ascertaining what the bushing was and after removing one started to remove another by the method of punch and hammer.

As he struck the punch with the hammer a particle of steel penetrated one of his eyes, resulting in its loss. He did not know where the particle came from. The punch and hammer were free of defects.

The plaintiff produced several expert witnesses who testified in substance: The method of removing bushings by punch and hammer was dangerous. The reason was that the bushings were most all hard steel and subject to break. That there were numerous devices in use to remove the bushings safer.

The facts in the plaintiff's case however rendered the expert testimony of little or no value. To prove the facts, plaintiff called his superior who testified that the bushing the plaintiff was removing was a brass or bronze metal and would not sliver. This is surely true as plaintiff had steel in his eye, not brass or bronze. This same witness testified that none of the so-called patent devices were capable of being used in removing this particular bushing. The witness said a skilled mechanic would probably have done as

plaintiff did under the circumstances. That he knew plaintiff knew enough to do this work or he would not have told him to do it. This was the ordinary work that helpers do. This so-called punch and hammer method was in common usage by mechanics. The plaintiff was bound by this testimony.

The only question before us is, did the trial court err in directing a verdict?

It is the duty of the trial court to direct a verdict for the defendant if the evidence is insufficient to support a verdict for the plaintiff. Kenney v. Langston, 133 Fla. 6, 182 So. 430.

The trial judge heard the witnesses. He should not be put in error unless a clear showing is made, for he is the judge of the legal sufficiency of the evidence. Kenney v. Langston, *supra*. It is not *per se* negligent to direct the use of a punch and hammer to remove a non-brittle substance such as brass or bronze. The master being free of negligence, the servant assumed the risk incident to the work. The evidence here clearly showed that plaintiff was fully capable of appreciating the danger.

The tools prescribed and the manner of their use in this instance appear to be those in common and ordinary use. The master can not in law be held to a greater degree of care. To raise the degree of care would make him an insurer. Different employers have different tools. Some less dangerous than others, although danger is not the test. The courts can not prescribe the tools. They will apply the law to all alike. In doing so the rule is applied on the basis of that adopted in common and ordinary usage in the trade or profession by reasonable, prudent men. Where prudent men can and do select one of several methods in common usage they are not held to select the newest or safest device. 18 R. C. L., Master and Servant, Section 91,

*et seq.;* Atchison T. & S. Ry. Co., v. Weikel, 84 Pac. 720; Cooney v. Portland Terminal Co., 92 Atl. 178.

Considering now the question of assumption of risk. While this is plead as an affirmative defense yet where the truth of the plea is made to appear from plaintiff's evidence it may be invoked. 18 R. C. L. Master and Servant, Sections 166, 167; G. Ferlita & Sons v. Beck, 143 Fla. 509, 197 So. 340.

Considering the fact that plaintiff was working with a bronze, non-brittle substance the major part of his evidence is of no effect. It reduces his operation from that of a dangerous undertaking to one as simple as driving a punch in good condition into a log with a hammer in good condition. Assuming plaintiff was pursuing the wrong method he was not injured by any particle of the bushing as feared by some of the witnesses. Therefore the negligence claimed was not the proximate cause of the injury. From his own statements, he appears to have had considerable experience of a mechanical nature. If a man serving even occasionally as a mechanic's helper did not know what he might expect by striking an ordinary hammer on an ordinary punch, then surely this Court knows that any thirty-year-old man of ordinary intelligence would know. When iron violently comes in contact with iron, it is an expected and ordinary occurrence for slivers to fly. Obvious dangers known to exist by a servant are assumed. German-American Lumber Company v. Brock, 55 Fla. 577, 46 So. 740.

The plaintiff insists he was not furnished goggles or warned to use them. His own witnesses say goggles were not used for this kind of work but for other work. His witness, his superior, also said goggles for this kind of work would be dangerous and this we can easily understand. They were in no sense in common ordinary usage for the work being done by plaintiff.

The writer's conclusion is that the plaintiff's evidence failed to show his inexperience but on the contrary showed considerable experience. This was a prerequisite for recovery. Furthermore, the plaintiff's evidence proved the defendant's pleas.

The judgment should be affirmed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN and THOMAS, J. J., concur.