GEORGE SCHROEDER v. MOSES L. ANNENBERG

4 So. (2nd) 866

Special Division A

Opinion Filed November 21, 1941

Rehearing Denied December 18, 1941

514

*Loftin, Calkins, Anderson & Scott,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendant in Error.

ADAMS, J.—This case comes here on writ of error to review a final judgment directed by the court for the defendant.

The plaintiff alleges he was employed to assist defendant in the purchase of The Philadelphia Inquirer; that he undertook the employment and was to receive compensation from defendant in an amount equal to 5% of the purchase price; that plaintiff obtained the circulation, financial set up, gross and net income, purchase price and the names of the persons from whom the purchase could be made. That all of this information was given to defendant whereupon the purchase was made and payment to plaintiff was re-

fused. Pleas were filed; evidence was submitted and a verdict was directed for the defendant.

The only question is whether the evidence was sufficient to support a verdict for plaintiff.

We enter upon the consideration of this case with a presumption in favor of the judgment of the lower court. The burden is with him, who asserts error in the judgment to make it appear. If there is doubt in our mind as to whether the evidence is legally sufficient, we resolve the doubt in favor of the action of the lower court. The legal sufficiency of the evidence is a question of law for the trial judge subject to appropriate review by the appellate court. Stevens, *et al.* v. Tampa Elec. Co., 81 Fla. 512, 88 So. 303; Smith, Richardson & Conroy, 82 Fla. 79, 89 So. 352; Kenny v. Langston, *et al.*, 133 Fla. 6, 182 So. 430.

While there is substantial testimony to support some elements of the plaintiff's case, we find it insufficient on others. The plaintiff's case is based on performance of the entire contract. The proof must be likewise or he cannot avail. Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 So. 298. The evidence is insufficient to prove that plaintiff furnished the gross and net earnings of the paper or that plaintiff conducted negotiations with the owner or any authorized person relative to the sale of the paper. Conceding that defendant purchased the paper yet there is no satisfactory evdience that defendant availed himself of plaintiff's efforts.

It is earnestly insisted that defendant prevented plaintiff from fulfilling his contract. Such is not the case made by the declaration. The plaintiff made his case as stated above. He could recover on no other

regardless how meritorious. John Wilkinson v. P. & A. R. R. Co., 35 Fla. 82, 17 So. 71.

From the entire record we are convinced that the evidence was insufficient to prove the case made. The meager performance could have been of no material assistance in making the purchase. Kenny v. Langston, 133 Fla. 6, 182 So. 430.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and TERRELL, J. J., concur.