100 So.2d 659 (1958)
Paula S. STOLMAKER and Bernard B. Stolmaker, Appellants,
v.
Wesley L. BOWERMAN and Donald A. Bowerman, Appellees.
No. 57-300.
District Court of Appeal of Florida. Third District.
February 27, 1958.
*660 Sommer, Frank & Weston, Miami Beach, and Peter Strelkow, Miami, for appellants.
Brown, Dean, Adams & Fischer, Miami, for appellees.
PEARSON, Judge.
Appellants were passengers in an automobile involved in a collision at a street intersection. Separate suits were filed but were jointly tried and appealed. Appellees were the driver and owner respectively of the other car involved. At the conclusion of plaintiffs' case the trial judge directed a verdict for the defendants. The only question presented to us is whether the plaintiffs offered sufficient evidence to prove the negligent operation of the automobile driven by defendant-driver.
It is well settled that the mere occurrence of an accident is not enough to establish the negligence of anyone. Ward v. Everett, 148 Fla. 173, 3 So.2d 879. This is true even though the plaintiffs are passengers and are not chargeable with the possible contributory negligence of the driver of the car in which they are riding. A careful reading of the record in this case reveals that there was an accident and that someone may have been negligent. After giving the plaintiffs the benefit of every inference that might have been made by reasonable men from the facts proved it does not appear that the negligence, if any, of the defendant-driver was the proximate cause of the collision. When negligence is not established it is the duty of the trial court to direct a verdict against the party having the burden of such proof. See Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Duncan v. Growers Equipment Co., 146 Fla. 516, 1 So.2d 458.
Affirmed.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.