220 So.2d 675 (1968)
Richard COURTNEY, by His Next Friend Hubert Courtney, and Hubert Courtney, Appellants,
v.
The AMERICAN OIL COMPANY, a Maryland Corporation, and George E. Doyle, Appellees.
No. 635.
District Court of Appeal of Florida. Fourth District.
October 31, 1968.
Rehearing Denied April 17, 1969.
*676 Maurice Fixel, of Glasel, Meyer, Leben & Fixel, Hollywood, for appellants.
C.B. Selwood, Jr., of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for American Oil Co.
George E. Doyle in pro. per.
REED, Judge.
This is a suit by Richard Courtney, a minor child, and by his father, Hubert Courtney, to recover damages for injuries sustained as the result of the alleged negligence of the defendants, The American Oil Company and George E. Doyle. At the conclusion of the plaintiffs' case, the trial court directed a verdict for both defendants, and this appeal followed the entry of a final judgment.
The broad question presented is whether or not the evidence was legally sufficient to sustain a verdict for the plaintiffs.[1] *677 If the evidence was susceptible of any reasonable interpretation which would support such a verdict, the direction of a verdict for defendants was error.[2]
This is a dispute in the record as to certain facts, but the version of the evidence most favorable to the plaintiffs is that with which we resolve the question presented. On April 15, 1964, the minor plaintiff, Richard Courtney, accompanied by a playmate, Joe Falco, went to a gasoline station operated by defendant Doyle and owned by defendant American Oil Company. The two boys were approximately ten and one-half years of age. They purchased five cents worth of white gas intended by them for use in a model airplane engine owned by Richard Courtney. The engine was displayed to the defendant Doyle at the time of purchase. The gasoline was placed in an empty oil can by Doyle. The boys proceeded from the station to Richard's home. En route they poured the gasoline out of the can and into a mayonnaise jar. At the time of the purchase, Doyle neither labeled the can nor warned the boys about the dangers of gasoline. The evidence indicated, however, that both of the boys then knew that gasoline was flammable.
The boys tried to start the motor at Richard's house. When these efforts were unsuccessful, Richard put the motor away and began playing with a rabbit which was in a cage adjacent to his house. While so engaged he smelled gasoline and, upon hearing a clicking noise, he turned and saw Joe Falco pouring the gasoline out of the jar and working a cigarette lighter in its vicinity.[3] At this point the gasoline ignited and burned Richard Courtney.
On the basis of these facts, the trial court concluded that the sale of the gasoline was not the proximate cause of the injury and directed a verdict for the defendants. We affirm on the same ground.
On appeal, the plaintiffs first contend that the trial court erred in not applying the Federal Hazardous Substances Act, 15 U.S.C.A. Section 1261 et seq. In general terms, this act, as it existed at the time of the accident, prohibited the sale in interstate commerce of dangerous substances without a label describing the substance and the hazard to be expected therefrom. Assuming the act was violated, it is an act designed to protect the general public and not a limited class.[4] At most, its violation would constitute negligence, but would not conclude as a matter of law the question of proximate cause.
The concept of proximate cause has at least two functions. One is to require a causal connection between an alleged act of negligence and a result for which damages are sought. The other is to limit the liability of the alleged wrongdoer for the consequences of his negligence.[5] We are concerned with this latter function.
Liability of a negligent actor usually extends only to the reasonably foreseeable consequences of his negligence.[6] Such consequences are defined as those which are of a type that happen so frequently from the commission of the type of act in question that, in the field of human experience, the same type of consequences *678 may be expected again from the same type of act.[7] Such consequences have also been defined as those "which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again."[8]
The type of act with which we are here involved is the sale of a small quantity of gasoline to minors about ten and one-half years of age for an apparently legitimate purpose, that is, use in a motor. The type of consequence is a personal injury caused by the intentional effort of one of the purchasers to ignite the gasoline on the ground, such act being a total deviation from the original purpose for which the gasoline was bought. Can it be said that the type of consequence which occurred in this case should have been foreseen by the exercise of prudent human foresight as likely to result from the type of act which the defendant Doyle committed? While this is normally a question of fact for the jury, we conclude that the act which brought about the injury  regardless of which version of the testimony is adopted  was so clearly not a foreseeable consequence that the trial court was correct in deciding the issue of proximate cause as a matter of law.[9]
Following the version of the events presented by young Courtney, if Joe Falco's intentional ignition of the gasoline was not a reasonably foreseeable consequence of the sale, Joe's conduct was an efficient, independent intervening cause which eliminated the defendant's act as the proximate cause of the injury.[10]
Appellee American Oil Company urges that Doyle was an independent contractor. Because of the view we take with respect to the issue of proximate cause, we find it unnecessary to treat this contention.
For the foregoing reasons, the final judgment appealed from is hereby affirmed.
OWEN, J., and DYKES, ROGER F., Associate Judge, concur.
NOTES
[1] Duncan v. Growers Equipment Co., 1941, 146 Fla. 516, 1 So.2d 458.
[2] National State Bank of Newark v. Robert Richter Hotel, Inc., Fla.App. 1966, 186 So.2d 321, 323.
[3] Joe Falco testified that it was young Courtney who in fact poured the gasoline out and attempted to ignite it with the cigarette lighter.
[4] See Richardson v. Fountain, Fla.App. 1963, 154 So.2d 709, 712. Cf. Tamiami Gun Shop v. Klein, Fla.App. 1959, 109 So.2d 189.
[5] Schatz v. 7-Eleven, Inc., Fla.App. 1961, 128 So.2d 901, 903; Prosser on Torts, 3rd Ed., Section 49, page 282.
[6] Schatz v. 7-Eleven, supra; Cone v. Inter County Telephone & Telegraph Co., Fla. 1949, 40 So.2d 148.
[7] Pinkerton-Hays Lumber Company v. Pope, Fla. 1961, 127 So.2d 441.
[8] Cone v. Inter County Telephone & Telegraph Co., supra.
[9] Conclusions consistent with those which we have reached may be found in Greiving v. LaPlante, 1942, 156 Kan. 196, 131 P.2d 898, 903; and, Tharp v. Monsees, Mo. 1959, 327 S.W.2d 889, 898. For a contrary view see Yachuk v. Oliver Blais Co., (HL, 1949) 2 All England 150, 20 A.L.R.2d 111.
[10] Rawls v. Ziegler, Fla. 1958, 107 So.2d 601.