SMITH, FREDRICKA G., Associate Judge.
In this consolidated appeal, Alene’s Enterprises, Inc. (Alene’s), and its liability insurer, The Aetna Casualty and Surety Company (Aetna), challenge the trial court’s denial of their motions for directed verdict and subsequent entry of judgment upon the jury verdict for Robert Early. Finding that there is no evidence upon which the jury could determine that Alene’s was guilty of negligence which caused or contributed to Early’s injuries, we reverse.
Early was hired by Alene’s to assist in preparing a new tool rental store for its opening. While he was attempting to throw away a glass table top that had been chipped earlier that day, the glass broke and fell onto Early’s forearm causing lacerations.
Early maintained that Alene’s was negligent in asking him to throw away the piece of glass knowing that the back door of the dumpster was closed and that any garbage would have to be thrown over the top of the dumpster. Although there is evidence to support Early’s contention that the glass broke while he was lifting the glass to throw it in the dumpster, there is no evidence to indicate what caused the glass to crack. Therefore, there is no basis upon which to conclude that Alene’s instructions, even if negligent, were the proximate cause *268 of damage to Early. Courtney v. American Oil Co., 220 So.2d 675 (Fla. 4th DCA 1968), cert. denied 225 So.2d 919 (Fla.1969); Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980).
Having determined that the trial court should have entered a directed verdict for Alene’s Enterprises on the negligence issues, we do not reach the other points raised by Alene’s concerning Early’s employment status.
ANSTEAD and WALDEN, JJ., concur.