## Mary C. De Wolf, Appellee, v. Marshall Field & Company, Appellant.

### Gen. No. 21,321.

1.   MUNICIPAL CORPORATIONS, § 81*—*when ordinances deemed to be retrospective.* While the general presumption is, as a matter of law, that ordinances are not intended to ·be retrospective, yet if the intention is clear that they are to be retrospective, that intention must govern unless it is found to be in contravention of some constitutional restriction or provision.

2.   BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when ordinance is a police regulation.* The building ordinance of Chicago is chiefly a police regulation.

3.   BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*what council may regulate by ordinance.* The city council, if it believes that handrails on stairways in certain buildings are reasonably necessary· for the public safety, has the right to provide by ordinance that all such buildings be furnished therewith.

4.   BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when ordinance retrospective.* The Building Code of Chicago of 1911, ch. 16, art. XVIII, subd. 668, par. (j), providing that stairways in certain buildings shall be equipped with handrails, applies to buildings con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

structed at the time of the passage of such ordinance as well as to those subsequently constructed.

5. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when handrail does not comply with building regulation.* A handrail which did not extend over the last three steps at the bottom of a stairway, *held* not to comply with the requirements of the Building Code of Chicago of 1911, ch. 16, art. XVIII, subd. 668, par. (j).

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 18, 1916.

FRANK P. LEFFINGWELL and ROBERT J. FOLONIE, for appellant.

R. J. FINN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On the morning of July 1, 1912, appellee, a woman about sixty-two years of age, while descending a basement stairway in the department store belonging to the appellant, fell and broke her right leg. Subsequently she brought suit in the Circuit Court and obtained a verdict for $5,000. A new trial was granted and, at the second trial, she obtained a judgment for $1,950, which the defendant now seeks to reverse.

The declaration contains but one count. Therein it is averred, among other things, that the stairway did not conform to the building ordinance of the City of Chicago, which ordinance requires, it is claimed, two handrails, one on each side running from the top to the bottom, and that the failure to provide said rails was the proximate cause of the injury.

The building was erected in 1902 and the stairway has remained substantially in its original condition ever since that time. The steps and risers of the stairway are of marble. On the right side of the stairway,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

being the side on which the plaintiff descended, there was a handrail which extended part of the way down the stairs, terminating in one of the large columns that support the building. The handrail is about three inches wide and four inches high and is about two feet ten inches above the stairs or steps. There are three steps and a fraction down below and beyond the handrail. The lowest step is ten feet six inches in width; the second step nine feet; the third step seven feet nine inches; the fourth step and all above, six feet eleven inches. The stairway is composed altogether of eleven steps.

The accident occurred as follows: The appellee, on July 1, 1912, entered the premises by the main entrance and walked to the stairway which led from the main floor to the basement. She took hold of the handrail with her right hand, then turned, in walking down, to the north, then towards the west, having hold of the rail all the time and being on the right side of the stairway. While going towards the bottom of the stairs her hand slipped off the end of the railing and her feet went out from under her and she fell, incurring the injury complained of.

It is claimed by the appellee that the handrail, to comply with the building ordinance, should have extended down so as to reach the last step. The appellant denies the application of the ordinance.

The Building Ordinance of the City of Chicago is known as "Chapter XVI of The Chicago Code of 1911" and is composed of twenty-seven articles. Article XVIII is entitled "stairways." The first five paragraphs of Article XVIII are as follows:

"666. STAIRWAYS, NUMBER—LOCATION — CONSTRUCTION.) (a) Fireproof office buildings existing at the time of the passage of this ordinance which are equipped either with one stairway and two or more stairway fire escapes or with two stairways and one

or more stairway fire escapes, shall not be required to have additional stairways or stairway fire escapes.

"(b)  Except as otherwise expressly provided in this article, it shall be unlawful to construct or maintain any building or structure of Classes I, II and VII unless its stairway or stairways comply with the following provisions:

"(c)  In every existing building of ordinary construction having an area greater than nine thousand square feet, or of mill or slow-burning construction greater than twelve thousand square feet, there shall be not less than three stairways.  The width of stairs shall be at least eighty per cent of the width of stairs as computed by the formulae given herein and in no case less than twelve feet.

"(d)  Every building shall be at least one stairway from the ground to the top floor and one stairway from the lowest basement or cellar to the street grade, and no stairway shall be less than three feet in width.

"(e)  The width of stairs required for a building shall be construed as the total width of all stairways required on the building.  Stairs shall be measured between the wall and handrail for a single stair and between handrails where two or more handrails are required by this chapter."

Subdivision 668 of Article XVIII contains the following:

"(j)  Stairways which are less than three feet three inches wide shall not have less than one handrail and stairways which are more than three feet three inches wide shall have not less than two handrails. Stairways which are over eight feet wide shall have double intermediate handrails with end newel posts at least five and a half feet high."

Subdivision 514 (a) of Article XII contains the following:

"514.  Alterations of Existing Buildings.)  (a) In construing the several sections of this chapter, said sections shall not be construed as requiring alterations in the construction or equipment of buildings or structures in existence at the time of the passage of this

chapter except where specifically provided, unless such buildings shall not have sufficient or adequate means of egress therefrom or ingress thereto, by reason of insufficient or inadequate stairway or stairways improperly located or insufficient or inadequate elevators or elevator equipment, doors, fire escapes, windows or other means of egress or ingress, and except also in sections which are herein made retroactive.''

Subdivision 242 of Article III contains the following:

''242. CONFLICT BETWEEN SPECIAL AND GENERAL PROVISIONS.) Whenever any provision or requirement of this chapter relating specifically to the construction, equipment, maintenance, or operation of any building or part of a building used for the purpose of any specified class, shall conflict with the general provisions of this chapter relating to the construction, equipment, maintenance and operating of buildings generally, the special provisions shall govern in each case, except in the case of section 514, which shall govern in all cases coming within its provisions.''

It is contended by the appellant that section 668 (j) is not retroactive but prospective only; that the words ''shall have not less than two handrails'' do not mean that the handrails shall extend from the top to the bottom; that the fact that the handrails do not extend to the bottom step was not a proximate cause of the injury.

As to the question, whether the ordinance applied to stairways already constructed at the time the ordinance was passed, we start, as a matter of law, with the general presumption that the ordinance was not intended to be retrospective in its operation. However, if it were plainly the expressed intention of the city council in passing the ordinance to make it retrospective, that intention must govern unless it is found to be in contravention of some constitutional restraint or provision.

To determine whether the ordinance applies to the

stairway in question, it is necessary to interpret the words, "to construct or maintain." It is claimed by the appellant that those words mean "to construct, and after having constructed, to continue or maintain."

The decisions of the courts, in which the meaning of the word "maintain" has been considered and the definitions of the lexicographers when critically analyzed, all agree as to the general meaning of the word.

In reference to a physical thing, such as a stairway, "maintain" means, in its ordinary and obvious sense, "to keep" or "to have."

In accurately determining the meaning of the word, "maintain," as used in the ordinance in question, however, it is necessary to consider, not only the definitions and dictionaries and the idea the word connotes when it is popularly used, but also the context, that is, the general subject-matter of the ordinance in whole and in part.

The building ordinance is chiefly a police regulation. It makes certain requirements for purposes of sanitation, some for the general convenience of the public, and some particularly to prevent the occurrence of fire and the loss and injury generally entailed thereby.

In passing the ordinance in question, having reference particularly to Article XVIII, the city council may have had in mind, and it quite probably did, that the handrails required would facilitate in case of a fire the exit of both employees and customers; or it may have believed that handrails, in connection with such stairways, were necessary for the public safety or general welfare.

The court said in *Marshall Field & Co. v. Le Bosky*, 133 Ill. App. 316, which is a case pertaining to a fall upon a marble stairway:

"As above stated, probably no stairs are absolutely safe. We know of none upon which persons using them without due care can be guaranteed against slipping or falling."

It may be that the city council had in mind the danger which arises by reason of the existence of such stairways and undertook to make them safer for those using them. We, of course, have no right under the law, to pass upon the reasonableness of the ordinance; that is a matter solely within the jurisdiction and power of the city council.

If the latter believed that handrails, in connection with such stairways, were reasonably necessary for the public safety, it had the right to order that all such stairways be furnished with handrails.

Bearing in mind, therefore, what the words, "to construct or maintain," used in the ordinance, mean in their general and ordinary sense, and considering the context and the apparent intention of the ordinance, we are compelled to the conclusion that the legislative body, the city council, in using those words intended to cover, and had in mind, all such stairways built or to be built.

Some question is raised as to the meaning of the words, "shall have not less than two handrails." The handrail in question, which was at the right side and above the stairway, extended so as to be of service to seven and a fraction of the eleven steps which constituted the whole stairway. A handrail, in conjunction with a stairway means, normally, a rail which extends from top to bottom. Of course no such handrail existed as fulfils that definition. It is our opinion, therefore, that the handrail in question did not comply with the requirements of the ordinance.

As to the absence of the handrail being the proximate cause, the verdict of the jury implies that they believed the appellee was in the exercise of ordinary care and that the failure of appellant to provide hand-

rails extending to the bottom of the stairway, in part, at least, caused her fall.

We have examined the evidence, the rulings and the instructions and have found no prejudicial error. The judgment is affirmed.

*Affirmed.*