(No. 28382.—

JOHN S. PEASE *et al.*, Appellees, *vs.* MYRON KENDALL
*et al.*—(CLARA D. PEASE, Appellant.)

*Opinion filed September 19, 1945.*

C. A. CAPLOW, and MAURICE L. DAVIS, both of Chicago, for appellant.

SEARS, O'BRIEN & STREIT, RALPH C. PUTNAM, SR., and GEORGE R. WARNER, (BARNABAS F. SEARS, and RALPH C. PUTNAM, JR., of counsel,) all of Aurora, for appellees.

Per CURIAM: This is an appeal from the decree of the circuit court of Kane county concerning *ex parte* appointment of trustees or successor trustees to administer a certain trust said to have been created in the estate of John H. Pease, and allowing fees and expenses to the trustees.

John H. Pease died testate May 9, 1913. By his will he gave all his property to his son Edwin, in trust, with broad powers of management and sale. The will contained certain provisions and conditions upon which the son Edwin might become the absolute owner of the property, and in case he did not exercise that option and the trust should be still pending, the property should go as his son Edwin should appoint and direct by his last will and testament, and in case he did not make such will there was a gift over of the estate.

Edwin died testate October 11, 1940; without having complied with the condition upon which he would have acquired the absolute title to the property. By his will he

gave to his wife, Clara, only such property as the statute of descent gave her, devising and bequeathing the remainder of the estate to John S. Pease in fee. The estate is a substantial one. A considerable portion of it is personal property in the form of securities, which were, at the time of the death of Edwin, in a safety-deposit box in the vaults of the Aurora National Building Corporation in the name of Edwin A. Pease, Trustee of the Last Will and Testament of John H. Pease, deceased.

During the lifetime of John H. Pease, Edwin and Clara Pease were separated, the latter having obtained a decree for separate maintenance. Soon after Edwin's death, Clara demanded delivery to her of the contents of the safety-deposit box, which was refused. John S. Pease about that time applied *ex parte* to the circuit court of Kane county for appointment of trustees to manage and control the estate under court supervision, and the court appointed Frank Paull, cashier of the Aurora National Bank, and Walter R. O'Malley, judge of the city court of Aurora, as trustees. They qualified, filed an inventory, and collected the rents and dividends, and deposited the same in the bank in their names as trustees. They procured an order authorizing them to employ counsel to oppose a petition which Clara Pease had filed in the courts of California for family allowance, claiming that Edwin A. Pease was a resident of California. The trustees opposed this action in California and were successful in preventing a decree establishing that Edwin was a resident of that State.

In the meantime, appellee John S. Pease filed a complaint to construe the wills of John H. and Edwin A. Pease, to which all parties in interest were made parties. He then filed an amended complaint for the ratification and confirmation of the *ex parte* appointment of trustees and for the preservation of the trust assets and to prevent waste. All parties in interest, including appellant, Clara Pease, were made parties defendant. All but Clara Pease

answered, including a guardian *ad litem* appointed for minors and incompetents. Clara Pease filed a motion to strike the complaint upon jurisdictional grounds. Her motion was overruled and she, electing not to answer, was defaulted, and a decree *pro confesso* as to her was entered. On hearing, the chancellor entered a decree ratifying the *ex parte* appointment of successor trustees and allowing the sum of $20,000 as fees and expenses to the trustees and fees to their attorneys.

Clara Pease brings the cause here insisting that no trust or equitable estate existed and therefore successor trustees could not properly be appointed, and that the court had no jurisdiction to appoint trustees *ex parte* without service of process, and all orders made in that proceeding were void. It is also urged that the amended complaint did not state a cause of action. Appellees urge, on the other hand, that a trust was in existence, requiring the appointment of a trustee; that the court had jurisdiction to appoint trustees and to confirm and ratify their prior action as trustees *de son tort,* and that the decree was warranted by the averments of the complaint.

The complaint seeking to ratify and authorize the appointment of trustees alleges that the will of John H. Pease created a trust; that the trustee therein named, *i.e.* Edwin, had died and left a will, and that, of the *corpus* of the estate of John H. Pease, a large amount of personal property was in a bank vault in the name of the original trustee as named in the will of John H. Pease. The complaint sets out that there are a number of pieces of real estate and that, upon the death of Edwin, there was no one to look after the collection of rents or collection of the income from personal property. The complaint alleges the attempt on the part of Clara Pease to obtain control of the personal property in possession of the bank and the further efforts to have Edwin declared a resident of California. It also sets out that a complaint

had been filed to construe the wills of Edwin A. and John H. Pease and alleges the necessity that a court of equity appoint someone to preserve the estate and prevent waste in the estate of John H. Pease until such time as the wills can be construed. Appellant, by her motion to dismiss, admits all facts well pleaded, the substance of which we have just set out.

Courts of equity have paramount jurisdiction in the settlement of trust estates and may even control courts of law in their action in that regard. (*Grattan* v. *Grattan,* 18 Ill. 167; 1 Story's Eq. Juris. chap. 9; Williams on Executors, pp. 1239 and 1240.) It is evident from the pleadings that a dispute had arisen as to who is entitled to the property belonging to the estates of John H. and Edwin A. Pease. It is also clear from the facts shown that a necessity existed to safeguard and preserve the assets of the estate of John H. Pease and prevent waste until his will and that of his son could be construed. A court of equity has paramount jurisdiction in such a situation. *Curtiss* v. *Brown,* 29 Ill. 201.

Appellant, in her assignments of error here, and counsel for both parties seek to have this court determine whether there was in existence, at the time of the death of Edwin, a trust in the estate of John H. Pease. This cannot be done in this proceeding for two reasons: (a) Such involves a construction of the wills and the decree appealed from did not construe these wills nor did the prayer of the complaint seek such construction, and (b) that remedy is currently being sought in a separate suit. Appellant's principal contention lies around the appointment *ex parte* of Frank Paull and Judge O'Malley as trustees to care for the estate, it being her contention that since the court was without authority to make such appointment *ex parte,* nothing that was done by the trustees is in any way valid, and the court was without power to confirm their acts.

It is clear that the order entered on October 15, 1943, appointing Frank Paull as successor trustee, and that of October 22, 1943, appointing Judge O'Malley as co-successor trustee, both without notice, were beyond the power of the court and void. Paull and O'Malley, because of their appointment without notice, were trustees *de son tort* and their acts and doings as successor trustees were without authority. But it is equally clear that the court had jurisdiction of the subject matter and an appropriate action against the trustees could have been brought had they been guilty of mishandling the estate. No such action was brought, but Clara Pease, upon the filing of the amended petition for appointment and confirmation of trustees, of which notice to all parties in interest was given, elected to resist such action by a motion to dismiss. There is no contention but that all parties in interest were before the court on the amended complaint and all but appellant filed answers. As it was alleged that a trust was involved, the subject matter was within the jurisdiction of a court of equity. Under appellees' amended petition, the court had jurisdiction of not only the subject matter but all parties, including appellant. It was apparent from the allegations in the amended complaint, admitted by the motion to dismiss, that here was an estate over which contending claims existed and one which required someone to look after it to prevent waste. Appellant or John S. Pease is the beneficiary of the estate and each was contesting the claim of the other.

Though the appointment of trustees *ex parte* and their subsequent acts, prior to the decree or the amended complaint, were without authority, yet where the court can see from the entire record that no injury has been done to any party in interest and that no error has occurred of which appellant can complain, the decree in such a case will not be disturbed. (*Mountain Lake Land Co.* v. *Blair*, 109 Va. 147, 63 S. E. 751.) While the court was without

authority *ex parte* to appoint trustees, yet it did have power, with all parties in court, to consider their acts as trustees *de son tort,* and, if no injury appears, should be permitted to confirm its original appointment and the acts of such trustees.

Appellant complains that these successor trustees, so-called, were given the right to sell and dispose of the trust estate at their discretion and that the court had no power to vest such authority in them. This is a misconception as to the effect of the decree. No absolute right to sell or dispose of the estate was attempted to be conferred upon them but they were authorized to apply to the court for permission to dispose of property of the estate. Under the circumstances of this case, there being no application for sale, and where the trustees were appointed to preserve the estate and prevent waste, such provision, though erroneous, does not require reversal of this decree.

Subhead (d) of appellant's seventeenth assignment of error is that the trial court erred in the rendition of the final decree, "In the allowance of fees to the trustees, their attorneys and plaintiff's attorneys, in the sum of $25,000, or in any sum." No authorities are cited and the sole argument in support of that assignment is "The decree of July 24, 1944, allowed fees aggregating $20,000.00 to the two trustees appointed by the *ex parte* orders of October 15, 1943, and October 22, 1943, and to their attorneys, for services rendered until the time of the entry of the decree of July 24, 1944. These fee allowances cover services rendered under a void appointment." That argument was made in support of the contention that all orders and decrees entered were void.

Had it been our view that the chancellor did not have jurisdiction of the subject matter, that contention might receive the consideration of the court upon proper presentation; but, to urge that error, appellant must then have incorporated in the record, on appeal, the evidence appearing

at the trial on that matter. This was not done. Under section 64(3) of the Civil Practice Act, it is not necessary that the decree recite special findings of fact or that there be a certificate of evidence to support it. (Ill. Rev. Stat. 1943, chap. 110, p. 2431.) Where a party seeks to have a judgment reversed, the error must be made to appear by the abstract. (*Gage* v. *City of Chicago,* 211 Ill. 109; *Gibler* v. *City of Mattoon,* 167 Ill. 18; *City Electric Railway Co.* v. *Jones,* 161 Ill. 47.) This contention cannot be sustained.

Finding no error in the record, the decree of the circuit court is affirmed.

*Decree affirmed.*