Prentice A. Swan, Appellant, v. Clara A. Swan, Appellee.

Term No. 47F5.

Opinion filed April 23, 1947.
Rehearing denied May 26, 1947. Released for publication June 2, 1947.

HAROLD J. BANDY, of East St. Louis, for appellant.

JACOBY, PATTON, MANNS & COPPINGER, of Alton, for appellee; JOHN F. McGINNIS, of Alton, of counsel.

MR. JUSTICE BARTLEY delivered the opinion of the court.

Prentice A. Swan, plaintiff appellant, hereinafter referred to as plaintiff, filed his complaint for divorce against Clara A. Swan, defendant appellee, hereinafter referred to as defendant, charging desertion. This charge was denied by the defendant and the case was tried by the court without a jury. The court, after hearing the evidence, dismissed plaintiff's complaint on June 25, 1946, for want of equity.

After plaintiff filed his notice of appeal, the court, on petition of defendant, ordered the plaintiff to pay to the defendant the sum of $1,000, "for her attorneys and solicitors' fees and expenses incurred by reason of an appeal heretofore prayed by the said plaintiff." This order provided that the sum be paid within 10 days of its date, and it was entered on September 11, 1946.

Plaintiff's notice of appeal is from the decree dismissing the complaint and the errors relied upon for reversal are that the court erred in dismissing the complaint for want of equity; that the evidence in the case entitled plaintiff to a divorce upon the ground of desertion; that the court erred in allowing defendant $1,000 for attorneys fees for the reason that there was no showing that defendant was in need and because

the evidence fails to show the value of the legal services rendered or the amount of time and work that was expended by the defendant's attorneys.

The parties were married on November 3, 1910, and lived together until August 16, 1939, on which date the plaintiff left their home. They have not lived together since that date. There were no children born of the marriage and since the date of the separation plaintiff lived with his mother in Wood River, about ten blocks from where defendant continued to live in the home owned by them. The evidence showed that they both were well liked in the community; that they had the respect of their neighbors, and that they were both of good character and reputation. They owned real estate in Wood River, each in his or her own name. Defendant owned a house which was formerly occupied by them as their home, and which she was still paying on. She also owned, jointly with plaintiff, the home she now occupies. Plaintiff who is in the real estate business, besides his joint interest in the home occupied by the defendant, owned other real estate in Wood River; this consisted of business property, residences and vacant lots, which had a total valuation, according to his testimony, of about $47,000. The home in which he had a joint interest was valued at about $13,000.

The plaintiff testified that about a year after they were married, there was a separation which was caused by disagreement and that they could not get along; that at that time he left because things were not satisfactory, and that defendant followed him and he went back with her and tried to get along; that this separation lasted about two weeks; that they lived together after that time until August 16, 1939, when he again left; that the cause of this separation was that conditions were not agreeable; that defendant nagged him at times, and also never was agreeable on anything practical. He stated that the defendant was a good

housekeeper; that she generally took care of the house and that he had nothing against her character whatever. One witness for plaintiff testified that plaintiff and defendant quarreled in her presence, and another of plaintiff's witnesses testified that plaintiff lived a respectable, law-abiding life.

Defendant in her defense denied that she nagged at plaintiff and said that she thought she treated him all right; that they had never had a bitter quarrel; that if they had a disagreement they forgot it; that she gave no reason or cause for defendant's leaving; that she has been willing and is now willing that he return to their home; that at the time plaintiff left the home in August 1939, the reason he gave to defendant was that he wanted a divorce, and that he gave her no reason for wanting the divorce. Other witnesses for the defendant had stayed at their home before they were separated, either as roomers or guests. They testified that they had never heard any nagging or quarreling out of the ordinary, and that defendant was a good wife and plaintiff was a good husband.

Plaintiff contends that the continuous quarrelsome and nagging treatment which the plaintiff was subjected to by the defendant rendered his life so unbearable that it was impossible for him to continue living with her and this compelled him to withdraw from the home; that the separation has continued for more than one year without any request by the defendant for the plaintiff to return or for a reconciliation, and that this fact constitutes constructive desertion on the part of defendant.

It is the law of our state that a reasonable cause which justifies a husband or wife to desert or abandon the other must be such as would entitle the person guilty of abandoning the other to a divorce. (*Holmstedt v. Holmstedt*, 383 Ill. 290; *Fritz v. Fritz*, 138 Ill. 436.)

The reasons given by plaintiff for his leaving the defendant were that the defendant continuously nagged him and was quarrelsome and disagreeable. The courts in this State derive their powers to decree a divorce solely through the statutes and the causes for divorce enacted by the legislature. Assuming that defendant did nag plaintiff and was disagreeable and quarrelsome, there is nothing in the statutes granting the courts the power to grant a divorce on these grounds. The Supreme `Court in the case of *Moore v. Moore,* 362 Ill. 177, at the bottom of page 179 said: ''Cruelty constituting ground for divorce under our statute means physical acts of violence, bodily harm or suffering, or such acts as endanger life or limb, or such as raise a reasonable apprehension of great bodily harm. Bad temper, petulance, rude language, want of civil attentions, angry and abusive words, do not constitute extreme and repeated cruelty within the statute.'' (*Jackson v. Jackson,* 294 Ill. App. 552.) We do not believe that there was a sufficient proof of cruelty herein to justify the plaintiff in abandoning the defendant, assuming that the defendant did the things charged by the plaintiff. Moreover, any issues of fact involved have been settled adversely to the plaintiff by the trial court. Plaintiff has failed to prove constructive desertion, and the trial court rightfully dismissed his complaint for want of equity.

The plaintiff complains that the trial court erred in allowing the defendant $1,000 for attorneys fees and states that the evidence fails to show the value of legal services rendered or the amount of time and work that was expended by defendant's attorneys. Chapter 40, par. 16 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 109.183], gives trial courts the power to grant the defendant, on appeal, the payment of such money for her defense as shall seem reasonable and proper. The court, on September 11, 1946, after the notice of appeal was filed, on petition of the

defendant, ordered the plaintiff to pay to the defendant the sum complained of for attorneys fees, and the order found that evidence had been heard by the court "as to reasonable solicitors fees and expenses incidental to a defense on appeal in this cause." The record filed herein does not show what evidence was heard on the petition for allowance of attorneys fees and it is the rule that where evidence on the trial of the matter complained of is not incorporated in the record, that the court on appeal will not consider such matter. (*Pease v. Kendall,* 391 Ill. 193; *Town of Pawnee v. Hagler,* 316 Ill. App. 307.) It is not necessary that a decree make a special finding of fact or that the findings be supported by a certificate of evidence. Illinois Rev. Stat., ch. 110, par. 188, subpar. (3) [Jones Ill. Stats. Ann. 104.064, subpar. (3)]. On an appeal, it is presumed that there has been sufficient evidence to support the finding of fact in the decree, and the burden is upon the person who attacks such finding of preserving the evidence. (*Sauter v. Pickrum,* 373 Ill. 541.) The record as hereinbefore stated does not contain the evidence concerning the hearing on the petition for allowance of attorneys fees, though the record does show that evidence was heard on this matter, and because of the principles of law stated hereinbefore, the matter of the allowance of fees cannot be considered by this court.

We find no error in the record and the judgment of the circuit court of Madison county is hereby affirmed.

*Judgment affirmed.*

CULBERTSON and SMITH, JJ., concur.