**Julia O'Donnell, Appellee, v. Sol Barach, Sol Garfinkle, and Irving L. Barach, Appellants.**

**Gen. No. 46,039.**

Opinion filed December 30, 1953. Rehearing denied January 20, 1954. Released for publication February 3, 1954.

ROBERT L. BRODY, of Chicago, for appellants; CHARLES D. SNEWIND, of Chicago, of counsel.

JAMES A. DOOLEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff's action is for personal injuries caused by the alleged negligence of defendants. A trial with a jury resulted in a verdict for plaintiff. After motions for judgment notwithstanding the verdict or a new trial, which were overruled, judgment was entered upon the verdict. Defendants appeal.

The negligence alleged in plaintiff's amended complaint is the failure to comply with section 34, chapter 64 of the Municipal Code of Chicago, passed August 30, 1939, as amended, in force at the time of the accident. The relevant part of that section provides:

"There shall be a handrail on at least one side of every stairway, and on each side of every stairway which is more than three feet four inches in width. Every interior stairway which is more than seven feet in width shall have double intermediate handrails to divide the stairway into clear widths of seven feet or less. The height of a required handrail shall be not less than two feet six inches, nor more than three feet, measured vertically from the front edge of any tread to the top of the handrail. Every required handrail and railing shall extend from the top of the stair to the front edge of the third tread from the bottom *or to a lower point.*" (Italics ours.)

Chapter 40—2 provides:
"All buildings and structures existing at the time of the enactment of this code, or hereafter designed, erected, altered or converted, shall be classified according to occupancy and use in accordance with the building provisions of this code . . . ."

Chapter 40—4 provides:
"A multiple dwelling is hereby defined as a building, or part of a building, designed, intended, or used as an apartment house . . . ."

Chapter 48—1 provides:
"Every building, or part thereof, hereafter designed, erected, altered, or converted for use as a multiple dwelling, as defined in section 40—4 shall comply with the general provisions of this code pertaining to buildings, and in addition thereto shall comply with the special provisions set forth in this chapter. In case such provisions conflict, the special provisions of this chapter shall govern."

Chapter 39—7 provides:
"Every building or structure constructed *or maintained* in violation of any of the building provisions of this code . . . is hereby declared to be a public nuisance . . . ." (Italics ours.)

159

Chapter 39—2 provides:

". . . The general provisions shall govern the construction, alteration, and conversion of all buildings and other structures . . . ."

The evidence discloses that plaintiff was a first-floor tenant in the building owned and controlled by defendants. The building is a six-flat, three-story brick apartment building, erected in 1909. At the time of the accident, plaintiff was eighty-two years of age. There was a staircase, consisting of seven marble steps, leading from the first-floor landing of her apartment to the entrance vestibule. The stairway was 5 feet, 11 inches in width.

On the day in question, plaintiff left her apartment and descended the staircase. Her left foot was on the last step, and as she put her right foot down into the vestibule, she felt herself slipping, her foot gave way, and she was thrown over to the south wall. She tried to reach for something to hold, but there were no rails on either side of the stairway, and there was nothing she could take hold of to prevent her falling. The side-walls of the stairway were of marble.

Defendants contend that the ordinance in question does not apply to the instant building, because it was constructed long before the passage of the ordinance; that the absence of a handrail was not the proximate cause of the accident; that the verdict is against the manifest weight of the evidence; and that it was error to give certain instructions on behalf of plaintiff. No point is made as to damages.

 We cannot agree with defendants' contention that the ordinance in question does not apply. Chapter 39—7 includes not only construction of the building but maintenance as well, and that any violation of the provisions of the Code is declared to be a public nuisance. A similar contention in *De Wolf v. Marshall Field & Co.*, 201 Ill. App. 542, was decided adversely

to defendant. In that case the building was constructed before the passage of the then ordinance, which contained a similar provision with respect to handrails along the stairway. This court said, p. 548:

"It may be that the city council had in mind the danger which arises by reason of the existence of such stairways and undertook to make them safer for those using them. We, of course, have no right under the law, to pass upon the reasonableness of the ordinance; that is a matter solely within the jurisdiction and power of the city council.

"If the latter believed that handrails, in connection with such stairways, were reasonably necessary for the public safety, it had the right to order that all such stairways be furnished with handrails.

"Bearing in mind, therefore, what the words, 'to construct or maintain,' used in the ordinance, mean in their general and ordinary sense, and considering the context and the apparent intention of the ordinance, we are compelled to the conclusion that the legislative body, the city council, in using those words intended to cover, and had in mind, all such stairways *built or to be built*." (Italics ours.)

██ The holding was followed in *Doran v. Boston Store of Chicago,* 307 Ill. App. 456. Whether the absence of the handrails, under all the circumstances, was the proximate cause of the accident, we think was a question of fact for the jury. *Doran v. Boston Store of Chicago, supra,* p. 461.

 We find no merit in defendants' complaint of plaintiff's instructions No. 11, which defined negligence (*Perryman v. Chicago City Ry. Co.,* 242 Ill. 269; *Smith v. Illinois Cent. R. Co.,* 343 Ill. App. 593), or No. 4, which referred to circumstantial evidence (*Gallagher v. Singer Sewing Machine Co.,* 177 Ill. App. 198;

*Branch v. Woulfe,* 300 Ill. App. 472), or No. 15, defining proximate cause (*Chapman v. Baltimore & Ohio R. Co.,* 340 Ill. App. 475). They substantially comply with the rule in the cases cited. The verdict is amply supported by the evidence.

We think upon the whole record the judgment is just, and it is affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.