City of Chicago, Appellee, v. Harvey C. Franks, Appellant.

Gen. No. 47,121.

First District, First Division.

October 21, 1957.

Rehearing denied November 12, 1957.

Released for publication December 5, 1957.

Harvey C. Franks, Pro Se, for appellant.

John C. Melaniphy, Corporation Counsel of Chicago (Sydney R. Drebin, and James R. Bryant, Jr.,

Assistant Corporation Counsel, of counsel) for plaintiff-appellee.

JUDGE McCORMICK delivered the opinion of the court.

An amended complaint was filed in the Municipal Court of Chicago against Harvey C. Franks charging that the defendant on January 24, 1955 unlawfully maintained, operated or controlled the building or premises located at 3935 West Dakin street, Chicago, Cook county, Illinois "in a way or manner dangerous and hazardous to the public health and safety." The defendant waived trial by jury and a hearing was had before the court. The court found the defendant guilty, fined him $200 and entered judgment thereon, from which judgment this appeal is taken.

The amended complaint of the city sets forth in detail the violations complained of, which were that the defendant had failed to repair or replace rotted and missing balusters and weak and loose handrail on the rear porch of the said premises; that he failed to repair or replace rotted and loose wood siding on the exterior of the building; and that he had failed to repair or wreck a dilapidated frame garage at the rear of the premises.

The defendant filed an answer to the amended complaint in which his factual allegations were that the building had been unoccupied for thirteen years; that neither of the buildings abutted on a public sidewalk or alley; that the front of the building was 20 feet, the rear of the building 70 feet, and the garage 90 feet back from the public sidewalk.

■ The record before us contains the pleadings, judgment and a motion of the defendant to vacate the judgment based on substantially the same facts as set out in his answer, which motion was denied. We have before us no transcript of the evidence taken at the trial; hence we must presume that there was sufficient

evidence introduced before the trial court to support the judgment. Pease v. Kendall, 391 Ill. 193, 200; ABC Loan Co. of Illinois, Inc. v. Campbell, 1 Ill.App.2d 297; Swan v. Swan, 331 Ill. App. 295, 301. The only question before this court is as to whether or not, if the city had substantiated the allegations made in the amended complaint, the court could properly have made the finding which it did and enter judgment thereon.

The complaint was based on section 78.3 of chapter 78 of the Municipal Code of Chicago, which provides in part:

"(a) Maintenance Required. Every existing building shall be so kept and maintained in conformity with the applicable provisions of this code, as to eliminate conditions hazardous to the public health and safety.

"(b) Application of Provisions. Every existing building shall comply with the code requirements in force and applicable to such building at the time of its construction or alteration and shall also comply with such provisions of this code which are specifically made applicable to existing buildings."

A violation of section 99—4 of chapter 99 of the Municipal Code is also charged, which provides:

"Every building or structure constructed or maintained in violation of the building provisions of this code, or which is in an unsanitary condition, or in an unsafe or dangerous condition, or which in any manner endangers the health or safety of any person or persons, is hereby declared to be a public nuisance. . . ."

Under the appropriate sections of the Cities and Villages Act (Ill. Rev. Stat. 1955, chapter 24) the city has the general power to regulate the construction and maintenance of buildings such as the one involved herein. City of Chicago v. Washingtonian Home, 289 Ill. 206, 211; Clarke v. City of Chicago, 159 Ill. App. 20; O'Donnell v. Barach, 1 Ill.App.2d 157, 160; De Wolf v. Marshall Field & Co., 201 Ill. App. 542, 548.

 The defendant contends that because the building was unoccupied for thirteen years any person going into the building or upon the property adjacent thereto would be a trespasser who would have no rights against the defendant, and hence the city under the ordinance would have no right to take proceedings against the defendant. We have no proof before us that the building had been unoccupied for thirteen years except the allegation in the defendant's pleadings. However, if there was such proof in the record it would not affect our decision in this case. Even if we assumed the correctness of the defendant's contention, which is that when a person is a trespasser on private property the city has no right or duty by virtue of any ordinances passed under the authority of the Cities and Villages Act to take any steps to protect the trespasser's health or safety or to determine whether an unoccupied building is maintained in a condition hazardous to public health and safety, still in the case before us there are many persons who might rightfully be upon the property. The address given by the defendant in his pleadings for the service of papers was the property in question. There certainly is an implied invitation to persons imputed to serve notices to enter upon the property. From this fact it might also be implied that the mail of the defendant was delivered at the said premises, and again the mail carrier would be rightfully upon those premises. Also, under the rule dealing with the doctrine of attractive nuisances as presently construed by our court, the fact that a building is unoccupied does not bring it outside the scope of that doctrine. Wilinski v. Belmont Builders, Inc., 14 Ill.App.2d 100. Under its police power the city has a broad discretionary power to determine what affects the safety and health of the community, and ordinances in the promotion of such welfare are to be liberally construed. City of Chicago v. Washingtonian Home, supra; Illinois Cigarette Service Co. v. City

of Chicago, 89 F.2d 610. We are not passing on the correctness of the contention of the defendant.

On the basis of the limited record before us we find no error. The judgment of the Municipal Court of Chicago is affirmed.

Judgment affirmed.

SCHWARTZ, P. J. and ROBSON, J., concur.