128 So.2d 146 (1961)
Pasquale MASTRANDREA, Appellant,
v.
J. MANN, INC., a Florida corporation, Roger Charest, and Meekins, Inc., a Florida corporation, Appellees.
No. 60-263.
District Court of Appeal of Florida. Third District.
March 16, 1961.
Rehearing Denied April 11, 1961.
Alan R. Schwartz, Miami Beach, and Larry Hastings, Miami, for appellant.
Hugh M. Carrier, of Lane, Primm, Lane & Carrier, Miami for J. Mann, Inc.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for Meekins, Inc.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for Roger Charest, appellees.
ODOM, ARCHIE M., Associate Judge.
This is an appeal from a negligence case in which the trial court granted defendants' motions for directed verdicts at the close of plaintiff's case.
*147 On August 12, 1958 the appellant, Pasquale Mastrandrea, plaintiff below, was working on a swimming pool being constructed by his employer, Monopak Pools. The lot next to the one on which appellant was working was owned by Joseph Mann. J. Mann, Inc., appellee, defendant below, a general contractor, had obtained a building permit for the construction of a cement block wall on the Mann property. Roger Charest, appellee, defendant below, a masonry contractor, had been hired by J. Mann, Inc. to construct said wall. Charest ordered 700 cement blocks from Meekins, Inc., appellee, also a defendant below, which were delivered on the morning of August 12, 1958 to the Mann property. Said blocks were stacked on the Mann property two cubes or ten blocks high in violation of Ordinance No. 592, City of Miami Beach, Florida, the building Code of said City which provides as follows:

 "Chapter 1  Title And Scope
 Sec. 1.01.02 The purpose of this Code is to provide certain minimum
 Purpose standards, provisions and requirements for safe and
 stable design, methods of construction and uses of materials in buildings
 and/or structures hereafter erected, constructed, enlarged, altered,
 repaired, moved, converted to other uses or demolished to provide for the
 safety of workers and others during these operations, and to regulate the
 equipment, materials, use and occupancy of all buildings and/or
 structures in the City of Miami Beach. The provisions of this Code shall
 be deemed to supplement any and all State laws of the State of Florida
 relating to building."
 "Chapter 30  Safety Regulations
 Sec. 7.30.05 .01 Materials, which in the course of building
 Stacking and construction, are to be stored in locations at or
 Storing near where workers are employed or on any public
 Materials and property, shall be piled or stacked in an orderly
 Waste Disposal manner to avoid toppling over or being otherwise
 displaced."
 "Chapter 30  Safety Regulations
 Sec. 7.30.05. .02 No materials shall be piled or stacked to a greater
 Stacking and height than six (6) feet, except in yards or sheds
 Storing intended especially for storage. When piles exceed four
 Materials and (4) feet in height, the material shall be so placed
 Waste Disposal that the sides and ends of the piles taper back."

There is evidence that the blocks as stacked by Meekins, Inc. were six (6) feet four and a half (4 1/2) inches high and not tapered. Charest accepted delivery of the blocks as stacked by Meekins, Inc.
Shortly thereafter some blocks fell from the stacks hitting the appellant who was still working on said swimming pool and injured him. Appellant filed suit against the three appellees named herein plus Joseph Mann, the owner. The case against Joseph Mann is subject to another appeal, Fla.App., 128 So.2d 210.
After appellant had presented his case the court directed verdicts in favor of each of said appellees. From those verdicts this appeal is taken.
First, we will consider this case in regard to the directed verdict in favor of Meekins, Inc., the materialman. We are of the opinion that the trial court was correct in directing a verdict in favor of said appellee. It appears from the record that Meekins, Inc. delivered the cement blocks to the premises of Joseph Mann and that delivery was accepted by Charest, the independent *148 masonry contractor. We have recently held that a materialman is not liable for negligently stacking materials where the contractor to whom the materials were supplied has accepted delivery. See Baader v. Empire Roof Truss Co., Fla.App., 126 So.2d 745.
Next we will consider this appeal as it involves Charest, the masonry contractor, who was employed to build the wall, ordered the cement blocks and accepted delivery of the same. It is uncontradicted that said blocks were stacked in violation of said building Code as previously stated. This violation raises a prima facie case of negligence on the part of Charest. See Annotation 132 A.L.R. 863 (1941).
It is also argued that even if there is evidence of negligence on the part of Charest there is no evidence that said negligence was the proximate cause of the injury complained of. There is sufficient evidence in the record for this point to be presented to a jury for their determination.
Lastly, we will consider this case in regard to Mann, Inc., the general contractor. From the evidence it appears that Mann, Inc. as a general contractor obtained a building permit from the Miami Beach Building Department, said permit containing this provision:
"This permit is granted upon the express condition that all facts stated in the application are true and that the construction will comply strictly with the plans and specifications submitted, and in accordance and compliance with the building laws of the State of Florida and building ordinances Zoning ordinance Number 289, and amendments thereto of the City of. Miami Beach, and rules and regulations of the building department of the City of Miami Beach shall be complied with whether herein specified on plans or not."
It has been shown that the stacking of the blocks was a violation of the building Code and that whether the violation in question, namely the height to which the blocks were stacked, was a proximate cause of the accident is a jury question. Charest, who accepted the blocks, was an independent contractor so far as J. Mann, Inc. was concerned; and the general rule is to the effect that an employer is not liable for the negligence of his independent contractors. But it is an equally well established exception to the general rule that a duty imposed by Statute or Ordinance, such as the building Code involved in this case cannot be delegated to an independent contractor. The principle is stated in 27 Am. Jur. Independent Contractors, Section 49, pp. 526-527 as follows:
"Duties Imposed by Statute or Ordinance.  As a general rule, if a statute or municipal ordinance requires one to do a certain thing or to take certain precautions for the protection of persons on or near his property, he cannot delegate such duty to an independent contractor and be released from liability in case the contractor fails to perform it. In order that the employer may be charged with liability, however, the terms of the statute or ordinance in question must be of such a tenor as to subject him to a definite obligation. The violation of the statute in question must also have been the proximate cause of the injury complained of."
Applying that principle to this case the trial court erred in directing a verdict in favor of J. Mann, Inc.
This case is affirmed as to appellee, Meekins, Inc. and reversed as to appellees Charest and J. Mann, Inc. and remanded for new trial.
Affirmed in part, reversed in part and remanded for a new trial.
HORTON, C.J., and CARROLL, CHAS., J., concur.