191 So.2d 601 (1966)
Frank CONROY, Ellen Conroy Kennedy and I. Beverly Nalle Incorporated, a Corporation, Appellants,
v.
Irene BRILEY, Appellee.
No. H-94.
District Court of Appeal of Florida. First District.
November 8, 1966.
Boyd, Jenerette & Leemis, Jacksonville, for appellants.
John Paul Howard, and Bedell, Bedell, Dittmar & Smith, Jacksonville, for appellee.
SACK, Judge.
The defendants appeal from a final judgment against them in favor of appellee, who was injured in a fall down a portion of a stairway in an apartment building in which she lived and which was owned by appellants, Conroy and Kennedy, and managed by I. Beverly Nalle Incorporated.
*602 The essential facts are undisputed.
The plaintiff, a 56 year old domestic servant, was a tenant in defendants' three-story brick building, which contained three stores on the first floor and four apartments on the third floor. Plaintiff occupied an apartment on the third floor and had been living there since 1956. There was only one interior stairway from the ground floor to the second and third-floor apartments. The stairway from the third floor to the second floor was equipped with a handrail, but the stairway leading from the second floor to the ground floor was enclosed on each side by a smooth wall and had never been equipped with a handrail.
An ordinance of the City of Jacksonville, which adopted the National Building Code, and a rule of the Florida Hotel and Restaurant Commission, required the installation of a handrail on this stairway. The applicable city ordinance, Ord. No. DD-326, § 109(a), provides that failure to comply with said ordinance shall, upon conviction, result in "a fine of not less than Ten Dollars ($10.00), nor more than One Hundred Dollars ($100.00) or by imprisonment not exceeding ninety (90) days, or by both such fine and imprisonment. Such violation shall constitute a separate offense for each day the same shall continue."
On October 9, 1963, as the plaintiff was descending the stairway from the second floor to the ground floor, she fell down the stairs, stopping her fall by grabbing a pipe adjacent to a lower step. Plaintiff did not know why she fell, the steps were not defective nor was there any claim of a foreign substance, and plaintiff had never discussed with any of the defendants the absence of a handrail on the lower staircase. The plaintiff suffered severe injuries.
A motion to dismiss the amended complaint was denied, and the case was tried on a general denial and the defense of contributory negligence. The defense of assumption of risk was stricken. The defendants' motion for a directed verdict was denied at the conclusion of the evidence, and the Court granted plaintiff's motion for a directed verdict on the issue of contributory negligence. A verdict was returned for the plaintiff, and defendants' motion for a new trial was denied. This appeal from the final judgment followed.
The defendants first contend that the Court erred in denying the motion to dismiss the amended complaint and in charging the jury that the violation of the handrail regulation of the Florida Hotel and Restaurant Commission was prima facie evidence of negligence.
We need not consider whether the regulation in question was of the character of those statutes or regulations which are intended to protect a class of persons against the risk of the injury which did in fact occur, so as to make a violation thereof negligence per se, as in Tamiami Gun Shop v. Klein, Fla.App., 109 So.2d 189, since the Court's charge did not go that far, even though plaintiff objected to the insertion of the words "prima facie."
The violation of the city ordinance and the Hotel and Restaurant Commission regulation was, at the least, prima facie evidence of negligence. Mastrandrea v. J. Mann, Inc., Fla.App., 128 So.2d 146. The Court fully charged the jury on the meaning of the term, and we find no error on this aspect of the case. Compare the following handrail cases: O'Donnell v. Barach, 1 Ill. App.2d 157, 116 N.E.2d 912; American Nat. Bank v. Wolfe, 22 Tenn. App. 642, 125 S.W.2d 193.
Next it is contended that the Court erred in taking the issue of contributory negligence from the jury. However, the rule is basic that a plaintiff's negligence, in order to bar recovery in a negligence action, must proximately contribute to causing the accident. Richardson v. Sams, Fla.App., 166 So.2d 468; and it is also well settled that the mere occurrence of an accident is not enough to establish *603 negligence. Stolmaker v. Bowerman, Fla.App., 100 So.2d 659.
We have carefully examined the record and find no evidence of any act of negligence on plaintiff's part. For all that appears she was descending the staircase in her usual manner, with a pocketbook on one arm and a paper bag in the other hand, when she fell. We have not had pointed out to us any act of commission, omission or malfeasance on the plaintiff's part which could have contributed to the fall, and we cannot speculate as to what caused her to fall.
Finally, we come to the main thrust of defendants' argument, namely that it was error to strike the defense of assumption of risk and to refuse the requested charges on this subject.
Here, again, we need not pass on the question of whether assumption of risk is a defense in the class of cases discussed in the Tamiami Gun Shop case, supra. As pointed out in Prosser, Law of Torts (3d Ed.), the author in his remarks on Assumption of Risk (§ 67) states:
"The defense of assumption of risk is in fact quite narrowly confined and restricted by two requirements: first, that the plaintiff must know and understand the risk he is incurring, and second, that his choice to incur it must be entirely free and voluntary." (p. 461)
* * * * * *
"Even where the plaintiff does not protest, the risk is not assumed where the conduct of the defendant has left him no reasonable alternative. Where the defendant puts him to a choice of evils, there is a species of duress, which destroys all idea of freedom of election. Thus a shipper does not assume the risk of a defective car supplied him by a carrier where the only alternative to shipment in it is to let his cabbages rot in the field; and a tenant does not assume the risk of the landlord's negligence in maintaining a common passageway when it is the only exit to the street." (pp. 465, 466)
Here, without expounding any general philosophy, we hold that the tenant, without any choice of a method of egress, did not assume the risk of the danger created by the landlord.
Finding no error, the judgment below is affirmed.
RAWLS, C.J., concurs.
JOHNSON, J., dissents with opinion.
JOHNSON, Judge (dissenting):
I cannot agree with the holding in the majority opinion of this court.
As to the facts related, I find no quarrel, but I cannot agree with the provision of the majority opinion holding that the violation of the city ordinance and the Hotel and Restaurant Commission regulation was, "at the least", prima facie evidence of negligence, wherein was cited as authority therefor, Mastrandrea v. J. Mann, Inc. et al., 128 So.2d 146, coming from the Third District Court of Appeal in 1961, wherein was involved a building code requirement as to stacking concrete block or building material. I find, however, that the same court in a later decision in Florida East Coast Railway Company v. Hardee, 162 So.2d 704 authored by Judge Barkdull, speaking of a safety rule promulgated by the Florida Railroad and Public Utilities Commission, that the giving of an instruction to the jury that a violation of this rule constituted prima facie evidence of negligence on the part of the Railroad was in error. In this same case, Judge Barkdull said it was not error to admit into evidence the safety rule promulgated by the Florida Railroad and Public Utilities Commission, but it was error to charge that a violation thereof was prima facie negligence, and therefore reversed the trial court. I think this exactly fits the case sub judice, and should control in this case. I think, *604 therefore, that the trial court erred in giving plaintiff's instructions 1 and 2 which read as follows:
"No. 1
"An ordinance of the City of Jacksonville adopted in July 1958 was applicable to the apartment building located at 533 1/2 West State Street at the time of the plaintiff's injuries and provided as follows:
`All exit stairs should be guarded at the sides by well secured balustrades or other acceptable guards wherever such are needed for the safety of users, and shall have a handrail on at least one side.'
This ordinance imposed upon the defendants Frank Conroy and Ellen Conroy Kennedy, as owners of the building, and upon defendant I. Beverly Nalle, Inc., as their managing agent, a duty to provide a handrail on the exit stairs in that building, and failure of the owners or their managing agent to observe and comply with this duty would constitute prima facie negligence.
"No. 2
"At the time of the injuries complained of by plaintiff, there was in effect a Rule of the Florida Hotel and Restaurant Commission applicable to the apartment building located at 533 1/2 West State Street which provided as follows:
`Handrails shall be installed on all stairways and guard rails around all porches and steps.'
This rule imposed on the defendants Frank Conroy and Ellen Conroy Kennedy, as owners, and defendant, I. Beverly Nalle, Inc., as their managing agent, a duty to provide handrails on the exit stairways in such building, failure of the owners or their managing agent to observe and comply with this duty would constitute prima facie negligence."
The majority opinion also points out that there was no evidence of any act of negligence on plaintiff's part which could have contributed to her fall, and that the mere occurrence of an accident is not enough to establish negligence. In support of this latter contention, Stolmaker v. Bowerman, 100 So.2d 659 (Fla.App.3d, 1958) is cited. This was a guest passenger act case and I do not think the facts there are apropos to the facts of this case. The evidence here is that a rather large elderly woman weighing 210 pounds was descending the stairs with both hands full. She saw nothing wrong with the stairs. In fact, could she see where she was going because of her packages? I think this was a question for the jury to determine. If in fact, the plaintiff was carrying in her hands packages or other things which prevented her from seeing where she was stepping, and she became overbalanced and fell, what caused her to fall, then, was for the jury to decide. I think it was error for the court to grant a directed verdict in favor of plaintiff on this point. There is a total lack of evidence that the absence of the handrail was the proximate cause of the accident. The testimony of the plaintiff was that she had fallen three or four steps before she dropped her packages and attempted to catch something. The extent of her damages may have been affected by the lack of the handrail, but such lack was not the cause of the fall. Further, it is purely conjecture as to whether a 210 pound 55 year old woman could or would have broken her fall without damage to her if the handrail had been present. This again, raises the question of whether the lack of the handrail constituted negligence on the part of the defendant which was the proximate cause of the injury. There was sufficient evidence from the plaintiff's own testimony in the record for this point to have been presented to the jury for their determination as to the negligence. Mastrandrea v. J. Mann, Inc., et al., 128 So.2d 146 (Fla.App. 3d, 1961).
For the reasons stated, I cannot agree with the majority opinion.